IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Goal Acquisitions Corp., <br><br> Plaintiff, <br><br> v. <br><br> Digital Virgo, <br><br> Defendant. | CIVIL ACTION NO. 1:23CV01549 |

# COMPLAINT

COMES NOW Plaintiff Goal Acquisitions Corp. ("Goal"), by and through its undersigned counsel, and for its Complaint against Defendant Digital Virgo ("DV") states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Goal is a corporation organized and existing under the laws of the State of Delaware.

2. DV is a société anonyme organized and existing under the laws of France with its principal place of business in Lyon, France.

3. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over DV because DV contractually consented to personal jurisdiction in this Court.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because DV contractually consented to venue in this Court.

## FACTUAL ALLEGATIONS

### A. The NDA.

6. DV is a mobile payments provider based in Europe.

7. Goal is a special purpose acquisition company.

8. In late-2022, Goal and DV began discussing a potential business combination transaction in which Goal would take DV public in the U.S. and expand DV's global reach.

9. In connection with these discussions, Goal and DV executed a Non-Disclosure Agreement dated November 3, 2022 (the "NDA").

10. Under the NDA, DV covenanted that it would not use "Confidential Information" that it received from Goal "other than in connection with evaluating" the proposed transaction with Goal.

11. Goal made numerous disclosures of Confidential Information to DV in reliance upon DV's covenants in the NDA.

12. For instance, Goal disclosed to DV many details of Goal's proprietary business strategy for the to-be-formed venture, an execution plan for new markets, and the identities of numerous investor partners, potential launch partners, merchant partners, payment partners, and growth partners, which Goal's management team had assembled in their highly valuable networks, built up over decades.

### B. The ABCA.

13. Goal and DV eventually entered into a definitive business combination agreement and then an Amended Business Combination Agreement (the "ABCA") concerning the transaction on February 8, 2023.

14. The deal was supposed to close by June 30, 2023, and DV made public SEC filings to this effect.

15. However, DV refused to close and then sent a termination notice on July 5.

16. Goal filed an arbitration against DV in the ICC (the chosen venue for disputes under the ABCA), which is pending, seeking damages and specific performance under the ABCA for wrongful termination of contract and refusal to close.

17. Subsequent to DV's termination of the ABCA, Goal came into possession of information giving it reason to believe that DV was misappropriating Confidential Information it received under the NDA.

18. Thus, Goal also filed an arbitration against DV in JAMS (the chosen venue for disputes under the NDA), which is pending, for claims of breach of the NDA, unjust enrichment, promissory estoppel, and violations of the Delaware Defend Trade Secrets Act.

19. While substantive disputes under the NDA must be resolved in JAMS arbitration, Paragraphs 11 and 13 of the NDA authorize Goal to seek provisional remedies and injunctive relief in this Court.

## COUNT I.
## PRELIMINARY INJUNCTION

20. Goal realleges all preceding paragraphs as if fully restated verbatim herein.

21. Goal has brought a claim against DV in a pending arbitration for breach of provisions of the NDA prohibiting use of Confidential Information for a purpose other than evaluating the proposed transaction with Goal.

22. Under the NDA, Goal is entitled to provisional remedies in this Court in aid of the pending arbitration.

23. There is a likelihood that Goal will suffer irreparable harm, such harm would exceed any harm to DV, and Goal is likely to succeed on the merits of its claims.

24. Additionally, DV contractually stipulated that Goal need not prove actual damages, the inadequacy of money damages, or the likelihood of success.

25. A balance of the equities tip in Goal's favor as DV's disclosure of Goal's Confidential Information substantially outweighs any harm to DV.

26. Granting the preliminary injunction will not disserve the public interest.

27. Goal has no adequate remedy at law.

WHEREFORE, Goal requests this Court enter an Order while arbitration is pending:

a. Enjoining DV and its subsidiaries, affiliates, officers, directors, employees, agents, and control persons from:

   a. Utilizing the confidential business models, execution strategies, intellectual property, or any other Confidential Information disclosed to DV under the NDA;

   b. Entering into any contract or business relationship with the contacts disclosed to DV under the NDA;

   c. Taking any action contrary to DV's obligations under the NDA; and

b. Granting other such relief as the Court deems just and proper.

## COUNT II.
## ACCOUNT OF PROFITS

28. Goal realleges all preceding paragraphs as if fully restated verbatim herein.

29. Goal has brought claims against DV in a pending arbitration for violations of the Delaware Defend Trade Secrets Act and unjust enrichment.

30. Goal is entitled to the provisional remedy of an accounting in connection with such claims.

WHEREFORE, Goal requests this Court order DV to provide an account of any profits DV has acquired resulting from its exploitation of the Confidential Information.

## COUNT III.
## CONSTRUCTIVE TRUST

31. Goal realleges all preceding paragraphs as if fully restated verbatim herein.

32. Goal has brought claims against DV in a pending arbitration for violations of the Delaware Defend Trade Secrets Act and unjust enrichment.

33. Goal is entitled to the provisional remedy of a constructive trust in connection with such claims.

34. Goal was impoverished by the conduct alleged in the arbitration.

35. Such conduct was unjustified.

36. Goal lacks an adequate remedy at law for exploitation of the Confidential Information.

WHEREFORE, Goal requests this Court impose a constructive trust over any profits DV has acquired resulting from exploitation of the Confidential Information.

[signature page follows]

Respectfully submitted this 19th day of December, 2023.

CAMPBELL TEAGUE LLC

*/s/ George Campbell*
George Campbell, Esq.
SC Bar #12374
george@campbellteague.com
APPEARING PRO HAC VICE
E. Jordan Teague, Esq.
SC Bar #13394
jordan@campbellteague.com
APPEARING PRO HAC VICE
John-Paul Baum, Esq.
SC Bar #104938
johnpaul@campbellteague.com
APPEARING PRO HAC VICE
16 W. North Street
Greenville, South Carolina 29601
Tel: +1 864 326 4186